# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MARTY CALDERON,
    Plaintiff,

v.

THERESA C. LANTZ, et al.,
    Defendants.

Civil Action No.
3:06cv969 (SRU)

## RULING ON DEFENDANTS' MOTION TO DISMISS

Marty Calderon brought suit against Theresa Lantz, Commissioner of the State of Connecticut Department of Corrections, and James Dzurenda, Warden of Garner Correctional Facility ("Garner"), in their official and individual capacities. Calderon's amended complaint raises a number of constitutional and common law tort claims based on allegations that Lantz and Dzurenda prevented Calderon from communicating with her son, who was in the custody of the Department of Corrections. Specifically, Calderon alleges six counts in her amended complaint. They are: (1) intentional and negligent infliction of emotional distress, (2) "unequal protection by the Defendants" and retaliation in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, (3) property damage and interference with the right to contract and sue in violation of 42 U.S.C. § 1981, (4) discrimination against Calderon, because she is of Hispanic descent, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; (5) retaliation in violation of Calderon's rights to talk about and file lawsuits on behalf of her son under the First Amendment of the United States Constitution, and (6) a claim for injunctive relief to help her son obtain copies of his file from Garner. Am. Compl. at ¶¶ 39-45.

The defendants now move to dismiss this action for failure to state a claim upon which

relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lantz and Dzurenda argue, inter alia, that Calderon has not alleged that the defendants personally violated her constitutional rights, that her allegations are vague and conclusory, that she has failed to plead an equal protection violation with sufficient particularity.

For the following reasons, the defendants' motion to dismiss is granted.

**I.  Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spalding*, 467 U.S. 69, 73 (1984). The function of a motion to dismiss is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). The motion must therefore be decided solely on the facts alleged. *See Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985).

When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept the material facts alleged in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995); *Skeete v. IVF America, Inc.*, 972 F. Supp. 206, 207 (S.D.N.Y. 1997). The court "must not dismiss the action 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994). The issue is not

whether the plaintiff will prevail, but whether she should have the opportunity to prove her claims. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**II. Discussion**

 A. <u>*Res Judicata* and Collateral Estoppel Preclude Relitigation of Issues Previously Decided Between The Parties</u>

In support of her claims against the defendants, Calderon alleges that the defendants have been responsible for denying visitation and withholding documents to which she is entitled, as legal conservator and power of attorney for her son. She claims that she cannot bring lawsuits and enter into contracts on behalf of her son without access to him and to various legal documents of his, and that as her son's legal conservator, she is entitled to institutional records and files related to him. Calderon's rights as legal conservator and her visitation rights have already been litigated in this Court, and *res judicata* and collateral estoppel preclude relitigation of those issues.[1] Calderon has had a full and fair opportunity to pursue relief for those claims and issues, and she is bound by the judgments entered in the earlier cases.

In two separate lawsuits, Calderon has previously sought to raise some of the same issues that she currently raises against Lantz and Dzurenda. In *Calderon v. State of Connecticut Dep't of Corrections*, No. 3:04cv1562 (JCH)(HBF), 2005 WL 2123543 (D. Conn. Aug. 29, 2005), Judge Hall addressed inter alia Calderon's rights to sue as legal conservator on her son's behalf. "Rule 17(c), Fed. R. Civ. P., provides that a conservator may sue on behalf of an incompetent person or an infant. . . . A voluntary appointment, however, is not based on a determination that the petitioner is incompetent. . . . Plaintiff Calderone [sic] does not have the authority to pursue

---

[1] Calderon's prior actions, discussed herein, were decided by Judge Janet C. Hall and Judge Peter C. Dorsey.

this case on behalf of . . . Santos." 2005 WL 2123543 at *2. Because Calderon's appointment as legal conservator was voluntary, rather than based on her son's infancy or incompetence, she has no right to bring lawsuits on his behalf.[2]

Judge Dorsey addressed Calderon's visitation rights, including her right to access her son's prison records, in *Calderon v. Lantz*, No. 3:06cv61 (PCD), 2006 WL 2092080 (D. Conn. July 24, 2006). In that action, brought by Calderon and Santos, "[p]laintiffs allege[d] that they could not visit with each other while Santos was confined on administrative segregation . . . . To state a cognizable claim for denial of visitation, plaintiffs must identify a constitutionally protected right that was violated by the defendants. Inmates, however, have no constitutional right to visitation." 2006 WL 2092080 at *4 (citing *Flanagan v. Shively*, 783 F. Supp. 922, 934 (M.D.Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 114 S. Ct. 95 (1993) (neither convicted prisoners nor their family members have constitutional right to visitation)). Judge Dorsey found that "the denial of visits . . . while Santos was confined in administrative segregation, is not cognizable under section 1983." *Id*; *see also Overton v. Bazzetta*, 539 U.S. 126, 137 (2003). As a matter of law, Calderon has no constitutional right to visit her son.

Because Calderon has no constitutional right to visit with her son and no right to bring claims on behalf of her son, and because her son is no longer in the custody of the Department of Corrections,[3] it follows that those facts she alleges violate her visitation rights and right to sue on

---

[2] Certain of the facts that Calderon alleges, if true, would possibly support claims that Santos could bring on his own behalf.

[3] A search of the Connecticut Department of Corrections web site, using both the inmate number (261798) and the name (Christopher Michael Santos) of Calderon's son, indicates that he is no longer in the defendants' custody. All of Calderon's claims concerning continued visitation are therefore dismissed as moot.

his behalf do not support a claim for which relief can be granted.[4]

The claims Calderon has brought asserting interference with her right to sue on her son's behalf and to talk about lawsuits with him, including her First Amendment claim to discuss lawsuits with him, are therefore dismissed.

### i. *The Plaintiff's Retaliation Claim*

Alongside her claims that the defendants violated her rights to visit with her son and pursue lawsuits on his behalf, Calderon claims that the defendants retaliated against her for exercising those rights. A cause of action under Section 1983 will lie where the government takes negative action against an individual because of her exercise of rights guaranteed by the Constitution or federal laws. *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). Here, as detailed above, Calderon has no right to visit with her son or to pursue lawsuits on his behalf. She has therefore not pled facts to support the exercise of her First Amendment or other rights, and has not adequately pled a retaliation claim. Calderon's retaliation claim is therefore dismissed.

### B. The Plaintiff's Claim of Interference with the Right to Contract Under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides, in pertinent part, that

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and

---

[4] Taken as true for the purposes of this motion to dismiss, the facts that Calderon alleges violate her visitation rights and right to sue on her son's behalf and therefore fail to support a claim for which relief can be granted are found in paragraphs 8 through 21, 23 through 35, and 37 of her amended complaint.

property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Here, Calderon has not alleged any contractual relationship between herself and the defendants, between her son and the defendants, or between herself or her son and any other party with which the defendants have interfered. Because Calderon has not alleged any contract, let alone interference with that contract by the defendants, her claim for interference with the right to contract is dismissed.

  C.  The Plaintiff's Equal Protection Claims

Calderon claims damages "for the unequal protection by the Defendants . . . pursuant to the U.S. Constitution 1st, 4th, 14th Amendment, and 42 U.S.C. 1983 for retaliation by the Defendants while acting under color of state law," Am. Compl. at ¶ 40, and that "the Defendants have discriminated against her because she is of Hispanic descent in violation of the U.S. Constitution Equal Protection clause of the 14th Amendment," Am. Compl. at ¶ 42.

To support a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that challenged government action adversely affected an identifiable group of which the plaintiff is a member. *Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979). Courts have identified a number of ways in which a plaintiff can plead intentional discrimination in violation of the Equal Protection Clause. It is not necessary to discuss those here, because at the most basic level, the plaintiff must identify a protected group of which she is a member that

government action adversely affected. Here, Calderon's only pertinent allegation is the aforementioned conclusory assertion that "the Defendants have discriminated against her because she is of Hispanic descent."[5] Calderon's amended complaint states that the defendants would not have mistreated her if she were a Caucasian male, but nowhere in Calderon's complaint does she identify any action that the defendants have taken against people of Hispanic descent generally, or against her because she is of Hispanic descent. Am. Compl. at ¶ 36. Because she has therefore failed to allege any facts that would support a claim of discrimination or an equal protection violation, Calderon's equal protection claims are dismissed.

D. The Plaintiff's Claim for Injunctive Relief

Calderon raises a claim for "injunctory [sic] relief to obtain copies of her son [sic] . . . file of his incarceration at the Garner Correctional Facility including video tapes of incidents." Am. Compl. at ¶ 45. She has failed to establish why, as legal conservator or otherwise, she has a right to that file or to those videotapes. Because Calderon has failed to plead facts that would establish a right to the sought-after materials, her claim for injunctive relief is dismissed.

E. The Plaintiff's State Law Claims

Calderon includes claims for the state law torts of intentional infliction of emotional distress and negligent infliction of emotional distress.

---

[5] Calderon states in her reply brief to the defendants' motion to dismiss that "she was denied the Equal Protection under the U.S. 14th Amendment in that the Defendants denied the Plaintiff equal rights to associate with her son while incarcerated. . ." and that "to deny the Plaintiff visitation rights with her son like other similarly situated prisoners is cruel and unusual punishment to the Plaintiff's son . . . and the Defendants can show no rational basis for denying the Plaintiff the U.S. Constitution 14th Amendment Equal Protection rights to associate with her son both as mother and legal conservator." Reply at 3, 10. Neither of those statements identifies a protected group of which Calderon is a member that government action adversely affected.

Supplemental or pendent jurisdiction is a matter of discretion, not of right. *See, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966). Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. Because I have dismissed all federal law claims, I decline to exercise supplemental jurisdiction over Calderon's state law claims.

**III. Conclusion**

For the reasons discussed above, the defendant's motion to dismiss (**document #18**) is **granted** and Calderon's complaint is dismissed. Because she has no right to file lawsuits on behalf of her son, and no constitutional right to visit her son in prison, her claims that the defendants violated those rights are dismissed with prejudice. Calderon's other claims are denied without prejudice.

Calderon's pending motion to compel (**document #21**) is therefore denied as **moot**. The clerk shall close this file.

Dated at Bridgeport, Connecticut, this 18th day of September 2007.

       /s/ Stefan R. Underhill
       Stefan R. Underhill
       United States District Judge